Argued and submitted February 7, affirmed March 16, 2011

## CANBY MANOR ESTATES, LLC,
an Oregon limited liability company,
*Petitioner-Respondent,*

*v.*

## OREGON DEPARTMENT OF TRANSPORTATION,
a department of the State of Oregon,
*Defendant-Appellant,*

*and*

## HUMMELT DEVELOPMENT COMPANY,
an Oregon corporation,
*Defendant.*

Clackamas County Circuit Court
CV08100513; A145091

251 P3d 214

Jeremy C. Rice, Assistant Attorney General, argued the cause for appellant. With him on the brief were John R. Kroger, Attorney General and David B. Thompson, Interim Solicitor General. On the reply brief was Mary H. Williams, Solicitor General.

Erick Haynie argued the cause for respondent. With him on the brief were Seth J. King and Perkins Coie LLP.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Petitioner, a mobile home park operator, owns property that abuts a state highway. Defendant Oregon Department of Transportation (ODOT) approved an application to construct a new "approach" to that highway as part of the development of a Rite-Aid store near petitioner's property. The approval was conditioned on the developer erecting a median on the highway that would restrict turns—including turns in and out of petitioner's mobile home park. Petitioner, not a party to the permitting process, filed a petition for judicial review of ODOT's approval. In its petition, petitioner contended that (1) approval of the median had unlawfully deprived petitioner of a protected property interest—namely, an unrestricted easement from its property to the state highway, and (2) ODOT had "failed to provide advance notice and a hearing" to petitioner before doing so. The circuit court agreed with the contention that petitioner should have been involved in the permitting process from the outset and, for that reason, remanded the case to ODOT. The agency now appeals, and we affirm.

The facts relevant to this appeal involve, for the most part, procedural happenings. In January 2008, ODOT approved the new highway approach by way of an order in other than contested case. ODOT did not notify petitioner, an affected property owner, of the permitting process, and petitioner did not participate in the process. In October 2008, petitioner filed a petition for judicial review of the order in circuit court. *See* ORS 183.480(1) ("any person adversely affected or aggrieved by an order" may seek judicial review of the order); ORS 183.484 (describing judicial review of agency orders in other than contested cases). Petitioner contended that ODOT's order approving the approach—particularly, the condition that a median be constructed in the highway— would block highway access to petitioner's tenants and would make it impossible to deliver large mobile homes to petitioner's park. Petitioner asked the circuit court to reverse the order on that ground or, alternatively, to remand the case to the agency in order to give petitioner an opportunity to participate in the approval process.

The circuit court agreed with petitioner's alternative contention that ODOT had provided inadequate process. The court explained:

> "Although ODOT conducted some public hearings on the matter during the Regional Review process and instructed [the developer] to attempt to negotiate a shared access with [petitioner], [petitioner] was never a party to the permitting process. ODOT cannot escape this due process obligation by directing [the developer] to attempt to mitigate the impact of the development on [petitioner]'s vested easement rights. The due process obligation can only be satisfied by including petitioner in the process. The Court finds [petitioner]'s due process rights were thereby violated. * * *

> "The easement is a property right which is protected by the US Constitution. Therefore, ODOT should have included [petitioner] in the process from the outset. Failure to do so clearly violated petitioner's due process rights. Therefore, the Court remands the case back to the agency."

The court thereafter entered a judgment remanding the case to ODOT. ORS 183.484(5)(b)(C) ("The court shall remand the order to the agency if it finds the agency's exercise of discretion to be: * * * [o]therwise in violation of a constitutional or statutory provision.").

On appeal, ODOT argues that the circuit court's remand to the agency was erroneous because the review process under the Oregon Administrative Procedure Act (APA)—the very process that petitioner invoked to obtain judicial review in this case—provided all the process that is due for constitutional purposes. Petitioner disputes whether the APA process was constitutionally adequate under the circumstances, but also suggests that we need not reach that question. That is so, petitioner argues, because the circuit court's judgment can be upheld on subconstitutional grounds: ODOT was required, by an Oregon statute, to provide petitioner with an opportunity to participate in the approval of the new highway approach.

We agree with petitioner's alternative, subconstitutional basis for affirming the circuit court's remand to ODOT. *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 564, 687 P2d 785 (1984) ("[C]onstitutional issues should

not be decided when there is an adequate statutory basis for a decision[.]"); *see also Zockert v. Fanning*, 310 Or 514, 520, 800 P2d 773 (1990) (court will decide cases "upon subconstitutional grounds, where available, even though litigants argue only constitutional errors"). As it turns out, the Oregon legislature has spoken on the very issue of whether property owners like petitioner should have an opportunity to participate in the permitting process for approach roads to highways. Under ORS 374.312, ODOT is specifically required to "adopt rules governing the process of application for and issuance of permits for approach roads to highways by owners of property abutting the highways." That same statute provides:

> "The department shall develop a program that allows a person that might be affected by the issuance of the permit, but that is not the owner of the property subject to the permit, *to express concerns to the department prior to the issuance of the permit.* For purposes of this subsection, persons that might be affected by the issuance of the permit are the city or county in which the road is located and *any person that owns property adjacent to the proposed access.* Nothing in this subsection gives a city, county or other person that might be affected standing to appeal any decision of the department regarding granting of the permit."

ORS 374.312(5) (emphases added).

ODOT acknowledges that it has not developed any such program, and, it is apparent that petitioner, a "person that owns property adjacent to the proposed access," was not provided with the statutorily contemplated opportunity "to express concerns to the department prior to the issuance of the permit." During closing arguments before the circuit court, petitioner, citing ORS 374.312(5), explained that "the bell to be rung here is that ODOT doesn't have an adequate set of rules to deal with the general situation where you have a neighboring landowner who's impacted by a point of access." ODOT, for its part, agreed that "the agency could do better as far as bringing them in earlier perhaps," but contended that the problem was not of constitutional magnitude.

Correct or not, ODOT's constitutional arguments do not address the agency's other, more elementary shortcoming. ODOT issued its order in other than a contested case

without first giving petitioner the statutorily mandated opportunity to participate; for that reason, the circuit court correctly remanded the order to the agency. ORS 183.484(5)(b)(C) ("The court shall remand the order to the agency if it finds the agency's exercise of discretion to be: * * * [o]therwise in violation of a constitutional *or statutory provision*." (Emphasis added.)).

Affirmed.